NATHANIEL H. BANFIELD & another *vs.* HORACE WHIPPLE & another.

If a debtor makes a conveyance to one of his creditors for the double purpose of securing him and defrauding other creditors, the mere acceptance thereof by the grantee, coupled with knowledge of the fraudulent intent on the part of the grantor, is not such participation by the grantee in the fraud as will enable one of the other creditors to avoid the conveyance.

TRUSTEE PROCESS. After the former decision in this case, reported in 10 Allen, 27, a question arose concerning the funds in the hands of the trustees, which were claimed by Walter H. Eastman under a written assignment made by the defendant Whipple to him, dated August 7th 1863. The cause of action arose the day before the assignment, and the writ was dated the day after the assignment.

At the trial in the superior court, before *Morton,* J., the plaintiffs contended that the assignment was made for the purpose of defrauding Whipple's creditors. There was evidence tending to prove that Eastman had lent to Whipple four hundred and fifty dollars some months before, and that this assignment was given to secure the payment thereof in part; the funds in the hands of the trustees being insufficient to pay the debt in full.

The judge ruled that if Whipple intended to delay, defraud or hinder the plaintiffs in the collection of their claim, although he also intended to secure to Eastman the payment of what might be due to him, and if he made the assignment for both of these purposes, the assignment would be void if Eastman knew of said fraudulent intent on the part of Whipple, and participated in carrying out the same.

The plaintiffs requested the court to rule that if one purpose of Whipple in making the assignment was to delay, hinder and defraud the plaintiffs in the collection of their claim, by preventing the funds in the hands of the trustees from being attached upon their writ, and this purpose was known to Eastman before the making and accepting of said assignment, the acceptance by Eastman of the assignment, he then knowing the purpose

of Whipple, was of itself such a participation in the **purpose of** Whipple, as would render the assignment void.

The judge ruled that such knowledge was strong evidence of a participation by Eastman in the fraudulent purpose o' Whipple, but declined to rule that it was of itself such particᵒ ipation.

The verdict was for the claimant, and the plaintiffs allegea exceptions.

*D. Saunders, Jr. & G. E. Hood,* for the plaintiffs, cited *Crown-inshield* v. *Kittridge,* 7 Met. 522; *Harris* v. *Sumner,* 2 Pick. 129; *Platt* v. *Brown,* 16 Pick. 553; *Kimball* v. *Thompson,* 4 Cush. 441; *Ashmead* v. *Hean,* 13 Penn. State R. 584.

*S. B. Ives, Jr., & S. Lincoln, Jr.,* for the claimant, cited *Foster* v. *Hall,* 12 Pick. 99; *Harrison* v. *Trustees of Phillips Academy,* 12 Mass. 462; *Hendrick* v. *Robinson,* 2 Johns. Ch. 283; *Wilkes* v. *Ferris,* 5 Johns. 335; *Meux* v. *Howell,* 4 East, 1.

BIGELOW, C. J. We think the instruction asked for was rightly refused. In the first place, a decisive objection to the proposition insisted on by the plaintiffs' counsel is that it assumes it to be the duty of the court to instruct a jury that the existence of a particular fact conclusively proves fraud. It is rarely if ever that a case can arise in which such a direction to the jury would be proper. The question of fraud in a particular transaction, embracing, as it necessarily does, an inquiry, not only into the acts of parties, but also into the intent or degree of knowledge with which they acted in the matter under investigation, is to be determined as an inference of fact, from the evidence adduced before the jury, on which it is their peculiar province to pass, and concerning which the court could not express an opinion without a violation of law. Gen. Sts. *c.* 115, § 5.

But, in the next place, the instruction for which the plaintiffs asked was not a necessary or legitimate conclusion from the fact proved. The claimant had a right to receive payment of his debt. The preference of one debtor over another does not constitute a fraud at common law. If a debtor is unable to pay all his debts, he commits no fraud (in the absence of any statute

provision regulating the distribution of insolvent estates) **by** appropriating his property to the satisfaction of one or more of his creditors to the exclusion of all others. Nor does it make any difference that both the creditor and debtor know that the effect of such appropriation will be to deprive other creditors of the power of reaching the debtor's property by legal process in satisfaction of their claims. If there is no secret trust agreed upon or understood between the debtor and creditor in favor of the former, but the sole object of a transfer of property is to pay or secure the payment of a debt, the transaction is a valid one at common law. The distinction is between a transfer of property made solely by way of preference of one creditor over others, which is legal, and a similar transfer made with a design to secure some benefit or advantage therefrom to the debtor, which is fraudulent and illegal. In the prayer for instruction submitted by the plaintiffs' counsel, this distinction was disregarded, and it was therefore properly refused.

*Exceptions overruled*